UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

**TUESDAY SEALES-PERKINS,**
Plaintiff,

v.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO,**
Defendant.

Case No.: _____ 2:25-cv-3058 TLN CKD PS

FILED
OCT 22 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12131 et seq.), SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 794), RETALIATION (42 U.S.C. § 12203), AND DECLARATORY AND INJUNCTIVE RELIEF**

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act.

2. Venue is proper in the Eastern District of California because the acts and omissions complained of occurred in Sacramento County, California, within this District.

**II. PARTIES**

3. Plaintiff Tuesday Seales-Perkins is a qualified individual with a disability as defined by 42 U.S.C. § 12131(2). Plaintiff has documented disabilities requiring reasonable accommodations for court access and case participation.

1

4. Defendant Superior Court of California, County of Sacramento is a public entity within the meaning of Title II of the ADA and Section 504, responsible for providing equal access to its services, programs, and activities.

### III. FACTUAL ALLEGATIONS

5. Plaintiff requested ADA accommodations for effective participation in state case No. 24CV023830.

6. On or about September 9, 2025, the Superior Court issued an order denying Plaintiff's ADA accommodation requests.

7. The denial failed to engage in the required interactive process under 28 C.F.R. § 35.130(b)(7) and was contrary to the principles set forth in *Tennessee v. Lane, 541 U.S. 509 (2004)*, and *Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001)*.

8. Plaintiff continues to participate in court proceedings without effective accommodations for disability-related needs, causing significant barriers to access and retaliation by court staff and opposing counsel.

9. The Superior Court's actions constitute a pattern of ADA noncompliance and denial of equal access to the judicial system.

10. Plaintiff has filed a Judicial Council ADA Complaint regarding these events; the filing is referenced here to preserve administrative record but is not asserted as a separate claim.

11. The Superior Court's September 9, 2025, order referenced an attachment that, if followed, would have required Plaintiff to disclose confidential medical and disability-related information

to opposing counsel. Such disclosure would have violated Plaintiff's rights under 42 U.S.C. § 12112(d)(3)-(4) and 28 C.F.R. § 35.130(h).

12. The referenced attachment is not filed publicly due to its confidential nature but may be provided to this Court under seal or in camera review upon request.

13. Plaintiff alleges that every decision issued by the Superior Court since Plaintiff's initial ADA accommodation request has been made without lawful consideration of Plaintiff's federally protected disability rights.

14. Such decisions have resulted in continuing harm, including interference with Plaintiff's access to protected income and benefits necessary for medical care and family support.

15. Plaintiff asserts that these actions, taken collectively, reflect an ongoing pattern of discrimination and should be subject to scrutiny under Title II of the ADA and Section 504 of the Rehabilitation Act.

## IV. CAUSES OF ACTION

**Count 1** – Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)

16. Defendant, a public entity, excluded Plaintiff from participation in and denied benefits of its services and activities by failing to provide reasonable accommodations in judicial proceedings.

17. Defendant's conduct was intentional and done with deliberate indifference to Plaintiff's rights.

**Count 2** – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

18. Defendant receives federal funding and is therefore subject to Section 504. Defendant denied Plaintiff the benefits of its programs solely by reason of disability.

**Count 3** – Retaliation (42 U.S.C. § 12203)

19. After Plaintiff asserted ADA rights and requested accommodations, Defendant and its agents retaliated by denying further access and facilitating harassment through court processes and opposing counsel.

**Count 4** – Declaratory and Injunctive Relief

20. An actual controversy exists regarding Plaintiff's right to ADA-compliant participation in state court proceedings. Declaratory and injunctive relief is necessary to ensure future compliance with federal law.

## V. PRESERVATION OF RIGHTS AND EVIDENCE

21. Plaintiff expressly preserves all rights under Federal Rule of Civil Procedure 15(a) to amend this Complaint to add additional defendants or claims as discovery proceeds, including but not limited to attorneys and individuals acting in concert with the currently named Defendants.

22. Plaintiff provides notice to all current and potential defendants of their obligation to preserve all documents, electronically stored information (ESI), and tangible evidence relevant to this litigation. This includes, but is not limited to, emails, text messages, case files, ADA accommodation communications, billing records, and correspondence between Defendants and any court or public entity.

23. Failure to preserve such materials may constitute spoliation of evidence and subject the parties responsible to sanctions under Federal Rule of Civil Procedure 37(e) and the Court's inherent powers

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant:

A. A declaration that Defendant's actions violated Title II of the ADA and Section 504 of the Rehabilitation Act;

B. A permanent injunction prohibiting Defendants, in their individual and official capacities, from initiating or continuing any future collection or enforcement actions directed at Plaintiff's federally protected caregiver income, and from engaging in further retaliatory conduct in violation of 42 U.S.C. § 12203.

C. A permanent injunction requiring the Superior Court to adopt and implement ADA-compliant accommodation procedures;

D. Compensatory damages as allowed under Section 504;

E. Costs and fees pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a;

E. Any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: 10/22/2025

*Tuesday Seales-Perkins*

Tuesday Seales-Perkins
Plaintiff Pro Se
6830 Trudy Way
Sacramento, California 95831
2002perkinsfamily@gmail.com
(916) 827-8533

6

Exhibit A

| MC-410 | **Disability Accommodation Request** | CONFIDENTIAL |

*Clerk receives and date stamps here.*

If you have a disability and need an accommodation while you are at court, you can use this form to make your request. For more information, see form MC-410-INFO.

 Make this request at least **5 days** (when the court is open) before you need the accommodation.

**Court Name and Address:**
Sacramento Superior Court
720 9th Street
Sacramento, CA 95815

**1 Your information**
  Name: Tuesday Seales-Perkins
  Address: █████████
  Phone: █████████
  Email: █████████

**Case Number (if you know it):**
24CV023830

**2 How are you involved in the case?**
☐ Juror  ☒ Party  ☐ Witness  ☐ Lawyer
☐ Other (explain):

**Case Name/Type (if you know it):**
Seales-Perkins vs Los Rios et, al

**3 When and where do you need the accommodation?** [date(s), time(s), and court location]   All dates, all times and all departments in this case.

**4 What accommodation do you need at the court?**
I have a documented █████████████████████

**5 Why do you need this accommodation to assist you in court?**
█████████████████████████████████████ he court has
█████████████████████████████████████
☒ More information on this request is attached.

Date: 09/02/2025

Tuesday Seales-Perkins
Type or print name

▶ *Tuesday SealesPerkins*
Signature

**(Optional)** If a court employee, caregiver or other person helped fill out this form and is **willing to provide more information if needed**, provide contact information below:

Name:               Email:               Phone:

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2021, Optional Form
Cal. Rules of Court, rule 1.100
**Disability Accommodation Request**
MC-410, Page 1 of 2


Name: Scales-Perkins v. Los Rios Community

Case Number (if you know it): 24CV023030

------------------ Court fills out below ------------------

> (Optional)
> **Important!** If your case is delayed or dismissed after you make this request and you do not need the accommodation for the date you specified under 3, please contact the court at:
>
> Phone: _____   Email: _____

☐ Your request is **GRANTED**. The court will provide the accommodation(s) requested.

☑ Your request is **DENIED IN WHOLE OR IN PART**. The denied portion of your request:

☐ Does not meet the requirements of Cal. Rules of Court, rule 1.100.

☐ Creates an undue financial or administrative burden for the court.

☐ Changes the basic nature of the court's service, program, or activity.

Explain the reasons supporting the box(es) checked above:
See attached.

☐ **Instead**, the court will provide the following accommodation(s):
_____

**The court will provide the accommodation(s):**
☐ For the date(s) and time(s) requested   ☐ Indefinitely
☐ On date(s): _____

☐ More information on this decision is attached.

Date: SEP - 9 2025

Type or print name: CHRISTOPHER E. KRUEGER

Signature: [signed] C. E. K.

The court responded in person, by phone, or mail/email on: _____

Note: You may be able to ask for a review of this decision. Cal. Rules of Court, rule 1.100(g) explains how to do this.

Rev. January 1, 2021      **Disability Accommodation Request**      MC-410, Page 2 of 2

# ATTACHMENT TO DISABILITY ACCOMMODATION REQUEST

**CASE NUMBER: 24CV023830**  
**CASE TITLE: Seales-Perkins v. Sacramento City College**

**JUDGE: Christopher E. Krueger**  
**DEPARTMENT: 54**

### COURT RULING:

The Disability Accommodation Request submitted on September 2, 2025 ("Request") by Plaintiff Tuesday Seales-Perkins ("Plaintiff") is ruled upon as follows.

The Request does not clearly ask for any accommodation. Under the question "What accommodation do you



."

From all of these statements, it appears that Plaintiff might want more time to file or to reply to documents or some changes in how hearings are conducted. Again, Plaintiff does not for the specific changes she thinks she needs. However, since such changes would impact impact other the litigants in this case, notice of this request must be given to other parties. (Vesco v. Superior Court (2013) 221 Cal.App.4th 275.) Therefore, this request is DENIED without prejudice to Plaintiff's right to file a noticed motion (served on all parties) on the Law and Motion hearing calendar.

IT IS SO ORDERED.