UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUESDAY SEALES-PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO,<br><br>Defendant. | Case No. 2:25-cv-3058-TLN-JDP (PS)<br><br>ORDER |

Plaintiff brings this action against the Superior Court of California, County of Sacramento. Her complaint, however, fails to state a claim and is dismissed. I will give plaintiff leave to amend to file an amended complaint that better explains the factual basis of her claims. I will also grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings this action against Superior Court of California County of Sacramento. ECF No. 1. Plaintiff claims that she requested ADA accommodations from the state court in order to effectively participate in her state case, but that the court denied her requests. ECF No. 1 at 2. Plaintiff claims that this denial led to her having significant barriers in litigating her case, and that she was retaliated against by court staff and opposing counsel. *Id.*

Plaintiff asserts three causes of action: that defendant violated 42 U.S.C. § 12132 of Title II of the ADA, 42 U.S.C. § 12203 of Title V of the ADA and 42 U.S.C. § 1985(2), and 29 U.S.C. § 794 section 504 of the Rehabilitation Act.[1] *Id.* at 3-4.

---

[1] Plaintiff also asserts a count for declaratory and injunctive relief, but those are remedies, not standalone claims.

2

Title II[2]

The ADA prohibits discrimination against individuals with disabilities. *See* 42 U.S.C. §§ 12101, *et seq*. Title II prohibits discrimination in the provision of services and programs by a public entity, and the provision of transportation to the general public. *See* 42 U.S.C. §§ 12131, *et seq*.

A person alleging a Title II or § 504 of the Rehabilitation Act violation must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or denied the benefit of a public entity's services, programs, or activities, or the public entity otherwise discriminated against her; and (3) the exclusion, denial, or discrimination was by reason of her disability. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001); *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

To recover monetary damages under Title II of the ADA, a plaintiff must establish intentional discrimination. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). "Intentional discrimination" in this context involves "deliberate indifference" to a disabled person's need for an accommodation. *Duvall*, 260 F.3d at 1138-39. To establish deliberate indifference, a plaintiff must show the public entity had knowledge a violation of the ADA was likely to occur and failed to act as a result of conduct involving an element of deliberateness. *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002).

When a public entity receives a request for accommodations, it must determine the appropriate accommodations under the circumstances. *Duvall*, 260 F.3d at 1136. "To prevail under the ADA, [the plaintiff] must show that the accommodations offered . . . were not reasonable, and that he was unable to participate equally in the proceedings at issue." *Id.* at 1137; *see Memmer v. Marin Cnty. Cts.*, 169 F.3d 630, 633 (9th Cir. 1999).

Plaintiff's ADA claim is deficient because it is premised on a failure to accommodate, but

---

[2] For purposes of screening, plaintiff's claims under § 504 of the Rehabilitation Act and Title II of the ADA are considered together. *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1098 (9th Cir. 2013) (quoting *Vinson v. Thomas*, 288 F.3d 1145, 1152 n. 7 (9th Cir. 2002)).

1    plaintiff has failed to identify with specificity what reasonable accommodations the court denied.
2    *See Green v. Tri-County Metropolitan Transp. Dist. of Oregon*, 909 F.Supp.2d 1211, 1219 (D.
3    Or. 2012) ("The Ninth Circuit has made clear that under the ADA a plaintiff is required to
4    identify specific, reasonable accommodations that a defendant failed to provide."), aff'd, 583 F.
5    App'x 832 (9th Cir. 2014) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.
6    2002) and *Memmer*, 169 F.3d at 633); *Karkanen v. California*, No. 17-CV-06967-YGR, 2018
7    WL 3820916, at *5 (N.D. Cal. Aug. 10, 2018) (finding that the plaintiff had not alleged an ADA
8    claim stated where the "[p]laintiff does not explain what accommodations she requested, the dates
9    and details of when and how she made the requests, or what accommodations were denied").
10        Plaintiff's claim is also deficient because her allegations that she has not received
11   adequate accommodations are too vague and conclusory.  *See Twombly*, 550 U.S. at 555-57
12   (2007); *Iqbal*, 556 U.S. at 678; *see also Razavi v. Traffic Ct. of Santa Clara Cnty.*, No. 18-CV-
13   06213-VKD, 2019 WL 1676018, at *5 (N.D. Cal. Apr. 17, 2019) (conclusory allegations the
14   traffic court denied requested accommodations were insufficient to state a claim).
15   Title V
16        Section 12203, under Title V of the ADA, prohibits retaliation against individuals who
17   oppose unlawful acts under the ADA.  *See Louie v. Carichoff*, No. S-05-0984 DFL-DAD (PS),
18   2006 WL 662742, at 2 (E.D. Cal. Mar. 16, 2006).
19        Title V of the ADA, codified at 42 U.S.C. § 12203, contains two primary substantive
20   provisions.  Section 12203(a) prohibits retaliation against any individual who has opposed
21   unlawful acts under the ADA or participated in investigations, proceedings, or hearings under the
22   chapter.  Section 12203(b) makes it unlawful to coerce, intimidate, threaten, or interfere with any
23   individual in the exercise or enjoyment of ADA rights.
24        Even if the court were to accept that plaintiff's request for accommodations qualify as
25   protected activity, the complaint contains no factual allegations that the court coerced, threatened,
26   intimidated, or interfered on account of plaintiff's protected activity.  *See Brown v. City of*
27   *Tucson*, 336 F.3d 1181, 1193 (9th Cir. 2003) ("[C]onclusory allegations" of coercion,
28   intimidation, threats, or interference are insufficient to support an ADA interference claim.).

      Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should also take care to add specific factual allegations against defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

      Accordingly, it is hereby ORDERED that:

    1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

    2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

    3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

    4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    December 22, 2025                                                     
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE